# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KRAIG BICKERSTAFF, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1305-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| FRANK D. ELDRIDGE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1306-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| ROBIN L. BOOTH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1308-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| HARMEN ARLEN MAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1309-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| LESLIE T. CAMPBELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1311-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| EVELYN BERNICE SOUTHERLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1312-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| TERRY CHEEK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-116-M |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| STEPHEN G. JONES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-11-1322-M |
| | ) |
| HALLIBURTON ENERGY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is plaintiffs' Motion for Partial Summary Judgment, filed April 25, 2015. On May 29, 2015, defendant Halliburton Energy Services, Inc. ("HESI") filed its response, and on June 5, 2015, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

From the mid-1960s until 1991, HESI cleaned missile motor casings to remove old or off-specification solid propellant from missile motor casings for the United States Department of Defense and its contractors on a portion of its Osage Road facility near Duncan, Oklahoma ("Site"). The rocket propellant contained ammonium perchlorate. When dissolved in water, ammonium perchlorate breaks down into its ammonia and perchlorate constituents resulting in water containing perchlorate.[1] During the course of HESI's operations, wastewater containing perchlorate seeped into the ground and impacted the groundwater at the Site. Some of the groundwater contaminated with perchlorate migrated off of the Site to residential water wells.

---

[1] The Interim Drinking Water Health Advisory for Perchlorate issued by the United States Environmental Protection Agency is 15 ppb in drinking water.

Plaintiffs, who all own homes located in Duncan, Oklahoma, where they reside, commenced the above-referenced actions seeking compensation and other relief for injuries to their properties, loss of use and enjoyment of their properties, personal annoyance, inconvenience, aggravation, mental anguish, emotional distress, and discomfort, and other related harms caused by the perchlorate that has migrated from the Site. Plaintiffs assert claims under a number of different legal theories, including negligence, nuisance, and trespass. Plaintiffs now move for partial summary judgment on the issue of liability against HESI. Specifically, plaintiffs move for partial summary judgment on their claims for trespass[2] and public nuisance and on HESI's affirmative defenses.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require

---

[2]Only plaintiffs in the Bickerstaff, Jones, Handke, and Lindahl cases are seeking partial summary judgment against HESI on the issue of liability for trespass.

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.  Discussion

   A.  Trespass

Under Oklahoma law, a "trespass involves an actual physical invasion of the property of another." *Fairlawn Cemetery Assoc. v. First Presbyterian Church, U.S.A. of Okla. City*, 496 P.2d 1185, 1187 (Okla. 1972). Oklahoma law also recognizes a distinction between a tangible trespass and an intangible trespass. *See Beal v. W. Farmers Elec. Coop.*, 228 P.3d 538 (Okla. Civ. App. 2009).

> Generally intangible intrusions, such as by noise, odor, or light alone, are treated as nuisance, not trespass. The basis for this distinction, in the case of intrusive odors, is that they interfere with nearby property owners' use and enjoyment of their land, not with their exclusive possession of it.
>
> To recover in trespass for an intangible invasion to property, a plaintiff must show: (1) an invasion affecting an interest in exclusive possession; (2) the act resulting in the invasion was intentional; (3) reasonable foreseeability that the act could result in an invasion of the plaintiff's possessory interest; and (4) substantial damage to the property.

*Id.* at 541 (quoting 75 Am.Jur.2d Trespass § 27 (2009)).

Plaintiffs and HESI disagree as to whether the perchlorate contamination in the groundwater underneath plaintiffs' properties constitutes a tangible trespass or an intangible trespass. However, it is undisputed that the levels of perchlorate in the groundwater cannot be detected by the human senses. Additionally, there is no Oklahoma case law directly addressing whether contamination which cannot be detected by the human senses should be considered a tangible or an intangible

5

trespass. The Tenth Circuit Court of Appeals, however, has addressed the above issue based upon Colorado law[3] and has found that contamination that is impalpable and imperceptible by the senses should be tried as an intangible trespass. *See Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1147-1149 (10th Cir. 2010).[4]

Having carefully reviewed the parties' submissions and the case law, the Court finds that because the perchlorate contamination at issue in this case is impalpable and imperceptible by the senses, plaintiffs' trespass claims should be analyzed as an intangible trespass. Accordingly, in order to recover on these trespass claims, plaintiffs must show substantial damage to their properties. Plaintiffs, however, have not submitted any evidence of substantial damage to their properties in support of their motion for partial summary judgment. The Court, therefore, finds that plaintiffs are not entitled to summary judgment as to their trespass claims.

B. Public Nuisance

Plaintiffs' claims for public nuisance arise under section 2-6-105(A) of the Oklahoma Environmental Quality Code. That section provides:

> It shall be unlawful for any person to cause pollution of any waters of the state or to place or cause to be placed any wastes in a location where they are likely to cause pollution of any air, land or waters of the state. Any such action is hereby declared to be a public nuisance.

---

[3]Colorado's law on trespass is substantially similar to Oklahoma's law on trespass.

[4]In their reply, plaintiffs assert that there is some question as to whether the Tenth Circuit properly applied Colorado law in light of the *Hoery v. United States*, 64 P.3d 214 (Colo. 2003) case. In *Hoery*, however, the Colorado Supreme Court treated the presence of contaminants as if it were not in dispute and only addressed the issue of whether the facts could support a claim that the trespass was continuing. The Colorado Supreme Court never discussed the issue of whether the contamination constituted a tangible trespass or an intangible trespass. Based upon the Court's review of the *Cook* case and the *Hoery* case, as well as the other cases cited, the Court finds no basis to question the Tenth Circuit's application of Colorado law.

Okla. Stat. tit. 27A, § 2-6-105(A). The term "pollution" is defined as:

> the presence in the environment of any substance, contaminant or pollutant, or any other alteration of the physical, chemical or biological properties of the environment or the release of any liquid, gaseous or solid substance into the environment in quantities which are or will likely create a nuisance or which render or will likely render the environment harmful or detrimental or injurious to public health, safety or welfare, or to domestic, commercial, industrial, agricultural, recreational, or other legitimate beneficial uses, or to livestock, wild animals, birds, fish or other aquatic life, or to property.

Okla. Stat. tit. 27A, § 2-1-102(12). The term "waters of the state" is defined as:

> all streams, lakes, ponds, marshes, watercourses, waterways, wells, springs, irrigation systems, drainage systems, storm sewers and all other bodies or accumulations of water, surface and underground, natural or artificial, public or private, which are contained within, flow through, or border upon this state or any portion thereof, and shall include under all circumstances the waters of the United States which are contained within the boundaries of, flow through or border upon this state or any portion thereof.

Okla. Stat. tit. 27A, § 2-1-102(15).

Additionally, in order to bring a claim for public nuisance, a plaintiff must show that the alleged public nuisance is "specially injurious" to him. *See* Okla. Stat. tit. 50, § 10. In order to make this showing, a plaintiff must demonstrate that he sustained injuries "different in kind from that suffered by the public at large." *Schlirf v. Loosen*, 232 P.2d 928, 930 (Okla. 1951).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to HESI and viewing all reasonable inferences in HESI's favor, the Court finds that plaintiffs are not entitled to summary judgment as to their public nuisance claims. Specifically, the Court finds that there are disputed issues of fact as to whether the levels of perchlorate present on plaintiffs' properties are or will likely create a nuisance or will render the

environment harmful, detrimental, or injurious to public health, safety, or welfare. Additionally, the Court finds that plaintiffs have not set forth sufficient evidence demonstrating that the contamination is "specially injurious" to each of the plaintiffs; plaintiffs have not demonstrated that each plaintiff has sustained injuries different in kind from that suffered by the public at large.

Accordingly, the Court finds that plaintiffs' motion for partial summary judgment as to plaintiffs' public nuisance claims should be denied.

### C. Affirmative defenses

Finally, plaintiffs move for summary judgment as to the following affirmative defenses raised by HESI: (1) plaintiffs failed to mitigate their damages; (2) plaintiffs' claims are unripe; (3) plaintiffs' claims are moot; (4) plaintiffs' nuisance claims are barred by Okla. Stat. tit. 50, § 4; (5) plaintiffs caused or contributed to their injuries by their own acts; (6) third parties caused or contributed to plaintiffs' injuries; and (7) plaintiffs' injuries were caused by an intervening or supervening cause. Plaintiffs assert that HESI has failed to identify any facts supporting these affirmative defenses. HESI contends that plaintiffs' motion is now moot because it has filed an Amended Answer is each of the above-referenced cases. The Amended Answers now only assert the following affirmative defenses: (1) plaintiffs' claims are not ripe; (2) failure to mitigate damages in relation to the claims of plaintiff Ann Thomas; and (3) comparative/third-party negligence, supervening/intervening cause, and failure to mitigate damages in relation to the claims of plaintiffs Stephen G. Jones and Cynthia L. Jones.[5]

---

[5]Based upon HESI filing amended answers in these cases, the Court finds plaintiffs' motion for partial summary judgment is moot as to any affirmative defenses that were not reasserted in the amended answers.

The legal and factual basis for HESI's ripeness affirmative defense was set forth in HESI's Motion for Summary Judgment Based on Plaintiffs' Failure to Establish a Legally Cognizable Injury. On July 2, 2015, the Court issued an order denying HESI's legally cognizable injury motion for summary judgment. For the reasons set forth in the Court's July 2, 2015 Order, the Court finds that plaintiffs are entitled to summary judgment as to HESI's ripeness affirmative defense.

Based upon plaintiff Ann Thomas' testimony that she refused an offer to have her property connected to public water, HESI asserts that its affirmative defense of failure to mitigate damages is proper. Having carefully reviewed the parties' submissions, the Court finds that HESI has presented sufficient evidence to create a disputed issue of fact as to whether plaintiff Ann Thomas failed to mitigate her damages. Accordingly, the Court finds that plaintiffs are not entitled to summary judgment as to HESI's failure to mitigate damages affirmative defense in relation to the claims of plaintiff Ann Thomas.

HESI further asserts that fact discovery has produced evidence creating a triable issue of material fact in connection with the affirmative defenses of comparative/third-party negligence, supervening/intervening cause, and failure to mitigate damages in connection with the claims of plaintiffs Stephen Jones and Cynthia L. Jones. Having carefully reviewed the parties' submissions, the Court finds that HESI has presented sufficient evidence to create a disputed issue of fact as to whether Mr. Jones' actions of pumping the well to fill his pond resulted in a higher concentration of perchlorate on the Jones' property. Thus, the Court finds that plaintiffs are not entitled to summary judgment as to HESI's comparative/third-party negligence, supervening/intervening cause, and failure to mitigate damages affirmative defenses in relation to the claims of plaintiffs Stephen Jones and Cynthia L. Jones.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiffs' Motion for Partial Summary Judgment as follows:

(A) The Court GRANTS the motion for partial summary judgment as to HESI's ripeness affirmative defense, and

(B) The Court DENIES the motion for partial summary judgment as to plaintiffs' trespass claims and public nuisance claims and as to HESI's failure to mitigate damages affirmative defense in relation to the claims of plaintiff Ann Thomas and HESI's comparative/third-party negligence, supervening/intervening cause, and failure to mitigate damages affirmative defenses in relation to the claims of plaintiffs Stephen Jones and Cynthia L. Jones.

**IT IS SO ORDERED this 10th day of July, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE